IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>*Plaintiffs,*<br>v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION<br>Office of General Counsel<br>409 3rd St. S.W.<br>Washington, D.C. 20416<br><br>*Defendant.* | Case No.  24-cv-1363 |

**COMPLAINT AND PRAYER FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant U.S. SMALL BUSINESS ADMINISTRATION ("SBA" or "the Administration"), allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of certain records related to Memoranda of Understanding ("MOU") entered into by SBA with the Michigan Department of State related to Executive Order 14019 ("EO 14019").  *See* Plaintiffs' FOIA Request, No. SBA-2024-003895 (Apr. 17, 2024) ("Plaintiffs' FOIA Request") (Ex. 1).

1

## **PARTIES**

2. Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, https://www.heritage.org/about-heritage/mission (last visited May 9, 2024). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

3. Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for The Daily Signal. The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means to better inform the public and Congress for the purposes of Congressional oversight. "The requests and analyses of information are informed by Heritage's deep policy expertise. By its nature, the Oversight Project is primarily engaged in disseminating information to the public." Oversight Project, *found at* https://www.heritage.org/oversight (last visited May 9, 2024); Oversight Project (@OversightPR), X (last visited May 9, 2024), https://twitter.com/OversightPR. Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4. Defendant SBA is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is to "help[] Americans start, grow, and build resilient businesses." About SBA; Organization, *found at* https://www.sba.gov/about-sba/organization (last visited May 9, 2024).

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

7. Plaintiffs submitted the Request on April 23, 2024, to Defendant.

8. The Request sought:

   1. All Memoranda of Understanding ("MOU") entered into by the Michigan Department of State ("MDOS") with the Small Business Administration ("SBA") related to Executive Order 14019;
   2. All records relating to the implementation of MOU(s) entered into by MDOS with the SBA pursuant to Executive Order 14019;
   3. Documents sufficient to show the locations of in-person voter registration events conducted pursuant to the MOU; and
   4. All communications between employees of MDOS and the SBA that include the following search terms:
      a. "14019";
      b. "Executive Order";
      c. "EO";
      d. "Promoting Access to Voting";
      e. "Register";
      f. "Vote";
      g. "Voting";
      h. "Voter";
      i. "Voted";
      j. "Voters"; OR
      k. "Ballot";

Request at 1. The Request sought records from the time period of May 1, 2023, to the present.[1]

---

[1] After submitting the Request, Plaintiffs realized there was a transcription error in the Request with respect to the date range. On April 24, 2024, Plaintiffs messaged SBA via the SBA portal to indicate the date range for the Request is May 1, 2023, to the present. Message from Plaintiffs to Defendant, SBA FOIA Portal (Apr. 24, 2024) (Ex. 2).

3

9. The Request sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Request was to allow Heritage to gather information on a matter of public interest for (among other things) use by authors of its publication, The Daily Signal, which is a major news outlet. *Id.* at 4–5.

10. The Request also sought production of records in partial responses as soon as they became available. *Id.* at 4.

11. On April 23, 2024, Defendant acknowledged receipt of the Request and assigned the Request tracking number SBA-2024-003895. *See* Automated Email to Mike Howell from SBA FOIA Portal (Apr. 23, 2024) (Ex. 3); Automated Email to Mike Howell from SBA FOIA Portal (Apr. 23, 2024) (Ex. 4).

## **REQUEST FOR EXPEDITED PROCESSING**

12. Plaintiffs requested Expedited Processing for the Request. *See* Ex. 1 at 5. The factual and legal basis for the Application was explained in a four-page submission with a notarized statement certifying the basis and supporting documentation for Plaintiffs' request for expedited processing to be true and correct. *See* 13 C.F.R. § 102.5(e)(3).

13. The Request attached five appendices totaling 60 pages that included press releases from SBA and the Michigan Secretary of State regarding the Memorandum of Understanding, a copy of a House Small Business Committee ("Committee") letter from Chairman Roger Williams, Vice Chairman Blaine Luetkemeyer, Congressman Pete Stauber, and Congressman Dan Meuser to Administrator Isabella Casillas Guzman ("Committee Letter"), and a compilation of news articles about the Memorandum of Understanding. The foregoing indicates Plaintiffs have shown that the Request involves "[a] matter of widespread and

exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 13 C.F.R. § 102.5(e).

14. The Committee Letter requested, *inter alia*, all communications between and among SBA personnel and third parties regarding E.O. 14019 from March 10, 2021, to the present, a copy of the MOU between Michigan Department of State and the SBA, and implementation plans regarding the MOU. These records were to be delivered to the Committee on or before April 18, 2024. The Committee Letter further requested a staff level briefing on or before April 11, 2024.

15. On May 7, 2024, as part of the Committee's investigation into the Memorandum of Understanding, the Committee issued deposition subpoenas to Tyler Robinson, Special Advisor to SBA, and Arthur Plews, Chief of Staff to the SBA. *See* Subpoena Letter from Chairman Williams to Tyler Robinson (May 7, 2024) (Ex. 5); Subpoena Letter from Chairman Williams to Arthur Plews (May 7, 2024) (Ex. 6), (collectively "Subpoena Letters"); *see also Key Biden agency slapped with historic subpoenas over 'improper' swing state voter registration push*, Fox News (May 7, 2024) (Ex. 7), *available at* https://www.foxnews.com/politics/key-biden-agency-slapped-historic-subpoenas-improper-swing-state-voter-registration-push (last visited May 8, 2024).

16. The Subpoena Letters included allegations that Mr. Robinson made statements about potentially improper conduct at the SBA relating to the Committee's investigation. *See* Ex. 5 at 2; Ex. 6 at 2. The Subpoena Letters also addressed the lack of transparency and engagement of the SBA into the Committee's investigation, including the unwillingness of the SBA to schedule a transcribed of Mr. Robinson. *See* Ex. 5 at 2; Ex. 6 at 2.

## DEFENDANT'S CONSTRUCTIVE DENIAL OF EXPEDITED PROCESSING

17. Defendant has thus far provided only an automated acknowledgment of the Request.

18. Plaintiffs have no record of communications about the Request since April 23, 2024.

19. Defendant has not issued a determination on the Request, issued a determination as to expedited processing, nor ruled on Plaintiff's request for a fee waiver. A review of the SBA FOIA portal indicates the Request has been "assigned for processing." SBA FOIA Portal, Request No. SBA-2024-003895 (Ex. 8).

20. The SBA's implementing regulations require it to "notify the requester within 10 working days of the receipt of a request for expedited processing of its decision whether to grant or deny expedited processing." 13 C.F.R. 102.5(e)(4).

21. Ten working days from April 24, 2024, is May 8, 2024.

## FIRST CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing

22. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

23. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines, at 4 (Mar. 15, 2022).

24. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

25. Plaintiffs properly asked that SBA expedite the processing of Plaintiffs' FOIA Request, based upon Plaintiffs' showing that the Request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions that affect public confidence in the Government's integrity that affect public confidence." 13 C.F.R. § 102.5(e)(1)(iv).

26. Defendants did not rule on Plaintiffs' request for expedited processing.

27. Defendants are in violation of FOIA.

28. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

29. Plaintiffs have no adequate remedy at law.

30. Plaintiffs have exhausted all required administrative remedies with respect to Defendant's failure to make a determination on Plaintiffs' request for expedition.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis.

B. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

C. Grant such other and further relief as this Court may deem just and proper.

Dated: May 10, 2024                    Respectfully submitted,

/s/ Eric Neal Cornett
ERIC NEAL CORNETT
(No. 1660201)

>Law Office of Eric Neal Cornett
>Telephone: (606) 275-0978
>Email:  neal@cornettlegal.com
>
>SAMUEL EVERETT DEWEY
>(No. 999979)
>Chambers of Samuel Everett Dewey, LLC
>Telephone:  (703) 261-4194
>Email:  samueledewey@sedchambers.com
>
>DANIEL D. MAULER
>(No. 977757)
>The Heritage Foundation
>Telephone: (202) 617-6975
>Email:  Dan.Mauler@heritage.org
>
>KYLE BROSNAN
>(No. 90021475)
>The Heritage Foundation
>Telephone: (202) 608-6060
>Email:  Kyle.Brosnan@heritage.org
>
>MAX TAYLOR MATHEU
>(No. 90019809)
>Telephone: (727) 249-5254
>Email:  maxmatheu@outlook.com
>
>*Counsel for Plaintiffs*